# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6405 | **DATE** | 9/16/2011 |
| **CASE TITLE** | Denise Gatto vs. Indian Prairie School District 204 | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, plaintiff Denise Gatto's ("Gatto") "*In Forma Pauperis* Application" [4] is denied. Gatto's "Motion for Appointment of Counsel" [5] is dismissed as moot.

Civil case terminated.

■[ For further details see text below.]      Notices mailed.

# STATEMENT

    On September 14, 2011, plaintiff Denise Gatto ("Gatto") submitted a complaint against her former employer, Indian Prairie School District 204 ("Indian Prairie" or "defendant"), alleging that Indian Prairie discriminated against her on the basis of her age in violation of the Age Discrimination in Employment Act ("ADEA"). (Dkt. No. 1 ("Compl.").) Along with the complaint, Gatto filed an "*In Forma Pauperis* Application" (Dkt. No. 4 ("IFP")) and a "Motion for Appointment of Counsel" (Dkt. No. 5).

    Requests to proceed IFP are reviewed under 28 U.S.C. § 1915. To ensure that indigent litigants have meaningful access to the courts, § 1915 allows an indigent litigant to commence an action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324 (1988). However, the court must deny a request to proceed IFP if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

    From the face of the complaint, Gatto's ADEA claim is time-barred. A plaintiff must file an ADEA charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days after the alleged unlawful conduct occurred. 29 U.S.C. § 626(d)(1). Gatto alleges in her complaint that "[t]he defendant discriminated against the plaintiff on or about, or beginning on or about, Aug, 24, 2004." (Compl. ¶ 6.) Additionally, Gatto attached a statement to the complaint titled "Pain and Suffering" in which she alleges that Indian Prairie terminated her employment in 2004. (*See* Compl.) Gatto further states that she "filed a charge or charges against the defendant asserting the acts of discrimination with . . . the United States Equal Opportunity Commission, on or about August 24, 2011." (Compl. ¶ 7.1(a)(i).) Thus Gatto did not file her charge with EEOC until seven years after the alleged misconduct occurred.

    Because Gatto's complaint falls well outside the 300-day statute of limitations set forth in 29 U.S.C. §

| STATEMENT |
|---|
| 626(d)(1), Gatto has failed to state a claim for which relief can be granted, and her IFP (Dkt. No. 4) must be denied. *See Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) ("We find it appropriate here to consider the statue of limitations because the relevant dates are set forth unambiguously in the complaint."). Finally, because Gatto has failed to state a claim, her "Motion for Appointment of Counsel" (Dkt. No. 5) is denied as moot.<br><br>*James F. Holderman* |