# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6405 | **DATE** | 3/26/2012 |
| **CASE TITLE** | Denise Gatto vs. Indian Prairie School District 204 et al. | | |

**DOCKET ENTRY TEXT**

For the reasons explained in the Statement section of the order, defendant Indian Prairie School District 204's "Motion to Dismiss Plaintiff's Amended Complaint" [40] is granted. Defendant's motion for a protective order [23] is denied as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff Denise Gatto filed an amended complaint on September 22, 2011 bringing claims against Indian Prairie School District 204 ("204") and its Superintendent Kathryn Birkett. (Dkt. No. 11.) On December 6, 2011, the court dismissed the complaint for improper service and gave Gatto until January 12, 2012 to complete service properly. (Dkt. No. 32.) Gatto properly served 204 (Dkt. No. 38), but failed to serve Dr. Birkett. Accordingly, Dr. Birkett is no longer a party to this action. Pending before the court is 204's motion to dismiss the complaint. (Dkt. No. 40.) Gatto has not formally responded to the motion to dismiss, but has filed twenty informal letters (Dkt. Nos. 42-49, 51-59, 63-65), which the court has considered before ruling.

### BACKGROUND

Gatto's amended complaint alleges that she was employed at 204 as a student teacher and teacher's assistant until March 2006, when she was asked to resign. (Dkt. No. 11, at 5; *see also* Dkt. No. 40, Ex. 1.) Gatto alleges that 204 breached an oral contract by failing to promote her to teacher when several openings came up and instead terminating her in March 2006. She also alleges that 204 breached a contract by allowing "confidential information about [her] personnel file [to] slip out" in early 2011 (Dkt. No. 11, at 4-5.) Gatto next alleges that 204 first agreed to serve as a reference for her, but later, in 2011, stated that they would no longer serve as a reference. (Dkt. No. 5-6.) Finally, she alleges that 204 lied to prospective employers about her, thus preventing her from obtaining other employment (Dkt. No. 5.)

### LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "include sufficient facts 'to state a claim for relief that is plausible on its face.'" *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011) (quoting *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In ruling on a Rule 12(b)(6) motion, the court "construe[s] the . . . [c]omplaint in the light most favorable to Plaintiff, accepting as true all well-pleaded facts and drawing all possible inferences in his favor." *Cole*, 634 F.3d at 903.

## ANALYSIS

Gatto's amended complaint does not plainly indicate the claims that she intends to raise. Her complaint includes, however, a right to sue letter from the Equal Employment Opportunity Commission ("EEOC"), suggesting that she is raising a Title VII claim. Under Title VII, it is unlawful for an employer with more than fifteen employees "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). An employer also may not "limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(2).

Before bringing a Title VII claim, however, a plaintiff must first file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice. 42 U.S.C. §§ 2000e-5. Here, Gatto filed her charge of discrimination on June 10, 2011 (Dkt. No. 40, Ex. 1), five years after her employment at 204 ended. Any Title VII claim based on events related to the termination of Gatto's employment is thus time barred.

The only claim in Gatto's amended complaint that is based on events occurring during the 300-day limitations period, and is thus timely, is Gatto's allegation that 204 provided negative references about Gatto to prospective employers. Courts have disagreed over whether the tortious provision of negative references is an adverse employment action prohibited under § 2000e-2(a). *Compare Ferguson v. Mobil Oil Corp.*, 443 F. Supp. 1334, 1339 (S.D.N.Y. 1978) ("[A]lthough such behavior is obviously reprehensible and probably tortious, it is clearly not discriminatory."), *with Silver v. Mohasco Corp.*, 602 F.2d 1083, 1090 (2d Cir. 1979) ("Charges of post-employment blacklisting fall within the broad remedial scope of Title VII."), *and Daley v. St. Agnes Hospital, Inc.*, 490 F. Supp. 1309, 1314 (D.C. Pa. 1980) ("Giving unfavorable references may, in appropriate circumstances, constitute discriminatory conduct by an employer against his employee."). In any case, "it is well-established that a former employee . . . can assert a claim that she was given negative references in retaliation for engaging in protected activity" under 42 U.S.C. § 2000e-3(a), such as attempting to enforce Title VII against the employer. *Szymanski v. Cnty. of Cook*, 468 F.3d 1027, 1029 (7th Cir. 2006).

Here, however, Gatto has not alleged that the negative references were the result of discrimination based on her membership in a protected class or her activity attempting to enforce Title VII. Instead, she alleges merely that the school district "lie[d]" and that it "allowed confidential information . . . [to] slip out." (Dkt. No. 11, at 4-5.) That behavior is not prohibited under Title VII, even if it might constitute a state law defamation or breach of contract claim. Accordingly, Gatto has not stated a claim under Title VII.

The only potential claims remaining in Gatto's complaint are state law claims. Once all federal claims are dismissed, a district court has discretion to relinquish supplemental jurisdiction over remaining state law

**STATEMENT**

claims "unless any of the following three circumstances exists: (1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided." *Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008). The statute of limitations for breach of an oral contract is five years, 735 ILCS 5/13-205, long enough to encompass Gatto's claim that 204 breached a contract in March 2011 by leaking confidential information. Any claim Gatto has that 204 breached an oral contract because of its conduct surrounding her termination in March 2006, however, is beyond the limitations period. Moreover, the statute of limitations for defamation is one year, 735 ILCS 5/13-201, meaning that the limitations period on Gatto's claim that 204 lied to employers in March 2011 has likely expired.

The court will therefore address the defamation claim and the claim that 204 breached a contract by terminating her in March 2006. Gatto filed this action on September 14, 2011, more than five years after her termination. (Dkt. No. 1.) Accordingly, her breach of contract claim is untimely. On the defamation claim, Gatto's allegations, again, provide no more information beyond the bare allegation that 204 lied to Gatto's prospective employers. That allegation does not provide sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Gatto has thus failed to state a claim for defamation.

Accordingly, Gatto's federal Title VII claim and her state law defamation claim are dismissed for failure to state a claim. Her state law claim that 204 breached a contract by terminating her is dismissed because it was not brought within the limitations period. Finally, the court exercises its discretion to relinquish supplemental jurisdiction over Gatto's claim that 204 breached a contract by releasing her confidential information.

*James F. Holderman*